THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS 
PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Supreme Court

 
 
 
 Willie Earl Dodd, Respondent,
 v.
 Exide Battery Corporation and Risk Enterprise Management, Petitioners.
 
 
 

Appeal From Greenville County
 John W. Kittredge, Circuit Court Judge
Memorandum Opinion No.  2007-MO-046
Heard May 3, 2007  Filed July 2, 2007  
AFFIRMED

 
 
 
 Michael M. Farry and David A. Wilson, both of Horton, Drawdy, Ward & Jenkins, PA, of Greenville, for Petitioners.
 Eddie R. Harbin, of Greenville, for Respondent.
 
 
 

PER CURIAM:  We granted certiorari to review the Court of Appeals decision in Dodd v. Exide Battery Corp., Op. No. 2000-UP-511 (S.C. Ct. App. filed June 29, 2000).  We affirm.
FACTS
Willie Earl Dodd (claimant) filed two claims against Exide Battery (Exide) on January 31, 1997.  Claimant alleged he sustained an occupational disease due to exposure to lead, and he also alleged trauma to both wrists which resulted in carpal tunnel syndrome.  After a hearing in 1997, the single commissioner denied both claims.
On appeal to the Commission in 1998, the appellate panel affirmed the denial of claimants occupational disease claim.  The Commission, however, vacated the portion of the hearing commissioners order related to the claim for carpal tunnel syndrome and remanded the case for a new hearing based on the need for evidence and subsequent findings and conclusions regarding causation of the claimants carpal tunnel syndrome. 
 
Exide appealed to the circuit court, claiming the Commission did not have the authority to remand the case for a new hearing.  The circuit court concluded that the remand for a new hearing was appropriate under S.C. Code Ann. § 42-17-50 (1981) and found that the Commission had broad discretionary powers with respect to taking additional testimony.
Exide then appealed the circuit courts order to the Court of Appeals.  The Court of Appeals, in an unpublished opinion, dismissed Exides appeal and held that the remand order by the Commission was not appealable under S.C. Code Ann. § 1-23-380 (Supp. 2006) because the order was not a final disposition.  Dodd v. Exide Battery Corp., Op. No. 2000-UP-511 (S.C. Ct. App. filed June 29, 2000).
On remand, the single commissioner found that claimant 
sustained compensable injuries caused by repetitive trauma and resulting in 
carpal tunnel syndrome to both wrists and hands.  This finding was upheld on appeal to the Commission, the circuit court, and the Court of Appeals.[1]  Throughout these appeals, Exide has unsuccessfully maintained its position that the original remand order by the Commission was improper.
We granted Exides petition for certiorari only to review the 2000 opinion by the Court of Appeals.
ISSUE
Did the Court of Appeals err by dismissing Exides appeal of the Commissions remand order?
ANALYSIS
The threshold issue is whether the Commissions decision to remand the case for further evidence is appealable.  We hold that § 1-23-380 does not provide judicial review of an interlocutory agency ruling that remands a case for further administrative proceedings.
The Administrative Procedures Act (APA) governs appellate review of Workers Compensation Commissions decisions.  Rodriguez v. Romero, 363 S.C. 80, 610 S.E.2d 488 (2005).  Section 1-23-380 of the APA provides judicial review only for final decisions.  By contrast, S.C. Code Ann. § 14-3-330(1) (1976) allows appellate review of intermediate orders after a final judgment is entered if the intermediate order involves the merits or necessarily affects the judgment.  The legislatures omission of a similar provision in § 1-23-380 precludes judicial review of the Commissions decision to remand a case for further evidence.  See Whitner v. State, 328 S.C. 1, 492 S.E.2d 777 (1997) (stating basic presumption that legislature has knowledge of previous legislation when later statutes are enacted concerning related subjects).
When the Court of Appeals dismissed Exides appeal in 2000, there had been no final disposition of the carpal tunnel injury issue, and the 1998 remand order was not a final judgment.  The order simply requested more evidence be taken.  It is well settled that a remand for additional proceedings before an administrative agency is not directly appealable.  Montjoy v. Asten-Hill Dryer Fabrics, 316 S.C. 52, 446 S.E.2d 618 (1994).  
 
CONCLUSION
The Court of Appeals correctly dismissed Exides appeal of the 1998 remand order.  
 
AFFIRMED.
TOAL, C.J., MOORE, BURNETT, PLEICONES, JJ., and Acting Justice Alexander S. Macaulay, concur.

[1] See Dodd v. Exide Battery Corp., Op. No. 2005-UP-014 (S.C. Ct. App. filed January 13, 2005).